UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Aaron Kirk, et al., | Case No. 23-cv-1758 (PJS/LIB) |
| Plaintiffs, | |
| v. | **REPORT AND RECOMMENDATION** |
| City of Duluth, Minnesota, et al., | |
| Defendants. | |

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636.

More than 90 days after Plaintiffs commenced the present action, Plaintiffs had not provided proof of service of a summons and Complaint on defendants Kristina Shulete and James Rodman. Accordingly, on October 27, 2023, the Court issued an Order notifying Plaintiffs that the Federal Rules of Civil Procedure require plaintiffs to demonstrate proof of service upon a defendant "within 90 days after the complaint is filed, [or] the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Pursuant to Rule 4(m), the Court directed Plaintiffs to provide proof of service or demonstrate good cause for an extension of time to serve defendants Kristina Shulete and James Rodman. The Court forewarned Plaintiffs that if they failed to comply with this Court's directive in the time permitted, the Court would recommend dismissal for failure to effect proper service and failure to prosecute. (Order [Docket No. 26]).

The time for Plaintiffs to provide proof of service or demonstrate good cause for an extension of time to serve these Defendants has come and gone, and Plaintiffs have neither provided proof of service nor articulated good cause as to why the Court should grant them an extension of time to do so.

Consequently, the Court finds that Plaintiffs have failed to abide by the terms of the Court's October 27, 2023, Order. [Docket No. 26]. Because the Court previously forewarned Plaintiffs of the potential consequences of failing to abide by the Court's Order, the Court now recommends that this action as alleged against defendants Kristina Shulete and James Rodman be dismissed for failure to comply with the Court's October 27, 2023, Order, [Docket No. 26]; for lack of prosecution; and for failure to effect proper service. See Widtfeldt v. Daugherty, 587 F. App'x 992 (8th Cir. 2014) (holding that the district court did not abuse its discretion in dismissing the action without prejudice when plaintiff failed to establish that he had properly effected service within the appropriate time after filing his complaint).

Therefore, based on the foregoing and all of the files, records and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action as alleged against defendants Kristina Shulete and James Rodman be **DISMISSED without prejudice**.

Dated:  November 29, 2023                           s/Leo I. Brisbois
                                                    Hon. Leo I. Brisbois
                                                    U.S. MAGISTRATE JUDGE

**N O T I C E**

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "A party may file and serve specific written objections to a magistrate judge's proposed findings and recommendation within 14 days after being served with a copy of the recommended disposition[.]" A party may respond to those objections within 14 days after being served a copy of the objections. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).