**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| AARON KIRK and AMY KIRK, | Case No. 23-CV-1758 (PJS/LIB) |
| Plaintiffs, | |
| v. | |
| CITY OF DULUTH, MINNESOTA, a Municipal Corporation organized under the laws of the State of Minnesota, GORDAN RAMSEY, former Chief of the Duluth Police Department (in his official and personal capacity), MICHAEL CEYNOWA, current Chief of the Duluth Police Department (in his official and personal capacity), JEFFREY KAZEL, current supervisor with the Duluth Police Department (in his official and personal capacity), KRISTINA SHULETE, current officer with the Duluth Police Department (in her official and personal capacity), RONALD TINSLEY, current officer with the Duluth Police Department (in his official and personal capacity), JAMES RODMAN, current officer with the Duluth Police Department (in his official and personal capacity), STEVEN PRUSE, current officer with the Duluth Police Department (in his official and personal capacity), SARA SCHULTEE, current officer with the Duluth Police Department (in his official and current capacity), ROBERT GRYDAHL, former officer with the Duluth Human Rights Commission (in his official and personal capacity), CARL CRAWFORD, current officer with the Duluth Human Rights Commission (in his official and personal capacity), and DUSTIN JAMES TURCOTTE, | **PLAINTIFF'S APPLICATION FOR ENTRY OF DEFAULT AGAINST DEFENDANT DUSTIN JAMES TURCOTTE** |
| Defendants. | |

Plaintiffs, Aaron Kirk and Amy Kirk, request that the clerk enter default against Defendant Dustin James Turcotte pursuant to Fed. R. Civ. P. 55(a). In support of this application, Plaintiffs state:

1. On June 1, 2023, Defendant Dustin James Turcotte was personally served with the Summons and Complaint. (Doc. 28.)

2. Despite having been served with the Summons and Complaint, Defendant Turcotte has not filed a responsive pleading and no appearances have been made on his behalf.

3. Defendant Turcotte is therefore in default. *See* Fed. R. Civ. P. 12(a)(1) (defendant must serve the answer "within 21 days after being served with the summons and complaint").

4. On December 6, 2023, Magistrate Judge Leo I. Brisbois issued an Order directing Plaintiffs' counsel to notify Defendant Turcotte that he is required to file a responsive pleading or move for an extension of time to do so. (Doc. No. 30.)

5. Plaintiffs' counsel complied with that Order and sent the required letter to Defendant Turcotte on December 8, 2023. (*See* Bradford Decl. Ex. 3.)

6. To date, Defendant Turcotte has not responded to the letter. (Bradford Decl. ¶3.)

7. Plaintiffs' claim against Mr. Turcotte is not for a sum certain. The claim relates to Defendant Turcotte's commission of a "bias offense" under Minn. Stat. § 611A.79, a statute that permits recovery of "general and special damages, including damages for emotional distress."

8. Therefore, Plaintiffs request that the clerk enter default against Defendant Turcotte, with the amount of damages determined by the district court after a hearing pursuant to Fed. R. Civ. P. 55(b)(2).

Dated: January 4, 2024

**BRADFORD ANDERSEN NORRIE & CAMAROTTO**

By: s/ Mark R. Bradford
Mark R. Bradford (#335940)
3600 American Blvd. W., Suite 670
Bloomington, MN 55431
(612) 474-1433
mbradford@banclaw.com