# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

_____

| | |
|---|---|
| Aaron Kirk and Amy Kirk | File No.: 0:23-cv-1758-PJS-LIB |
| Plaintiffs, | |
| v. | **ANSWER AND AFFIRMATIVE DEFENSES OF DEFENDANT SARA SCHUTTE** |
| City of Duluth, et. al., | |
| Defendants, | |

_____

For her Answer to Plaintiffs' Complaint, Defendant Sara Schutte ("Schutte") states and alleges as follows:

1. Except as hereinafter expressly admitted, qualified, or otherwise answered, Schutte denies each and every allegation in the Complaint, including in its headings, numbered paragraphs, and unnumbered paragraphs.

2. Paragraphs 1 through 4 of the Complaint contain legal argument to which no response is required. To the extent a response is required, Schutte denies the allegations.

3. Paragraphs 5 and 6 of the Complaint contain only legal conclusions, to which no response is required.

4. Schutte lacks knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraphs 7 through 11 of the Complaint. By way of further response, Schutte states that to the extent the allegations pertain to claims and parties dismissed by order of the Court (Doc. 40), no response is required.

1

5. In response to the allegations in Paragraph 12 of the Complaint, Schutte admits that at all times relevant to the allegations pertaining to her, she was a licensed peace officer in the State of Minnesota and employed by the City of Duluth. Schutte lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 12. By way of further response, Schutte states that to the extent the allegations pertain to claims and parties dismissed by order of the Court (Doc. 40), no response is required.

6. The allegations in Paragraphs 13 and 14 of the Complaint pertain to claims and parties dismissed by order of the Court (Doc. 40), so no response is required. To the extent a response is required, Schutte lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

7. Schutte lacks knowledge or information sufficient to form a belief as to the allegations in Paragraph 15 of the Complaint.

8. The allegations in Paragraphs 16 through 47 of the Complaint pertain to claims and parties dismissed by order of the Court (Doc. 40), so no response is required. To the extent a response is required, Schutte lacks knowledge or information sufficient to form a belief as to the truth of the allegations.

9. Schutte lacks knowledge or information sufficient to form a belief as to the allegations in Paragraphs 48 through 50 of the Complaint.

10. In response to the allegations in Paragraph 51 of the Complaint, Schutte admits only that she responded to an incident involving Plaintiff Aaron Kirk and Defendant Turcotte. Schutte denies the remaining allegations in Paragraph 51.

11. In response to the allegations in Paragraph 52 of the Complaint, Schutte admits only that she transported Mr. Kirk in the back seat of her squad car to the St. Louis County jail. Schutte denies making the quoted statement and denies that her actions were motivated by spite or any other improper grounds. Schutte lacks knowledge or information sufficient to form a belief as to the remaining allegations in Paragraph 52.

12. In response to the allegations in Paragraph 53 of the Complaint, Schutte admits that Mr. Turcotte told her he directed the N-word at Mr. Kirk; that Schutte issued Mr. Kirk a citation for disorderly conduct, obstructing legal process, and reckless driving; and that all charges against Mr. Kirk were dismissed. Schutte lacks knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 53.

13. Schutte denies the allegations in Paragraph 54 of the Complaint.

14. Paragraph 55 contains only legal argument rejected by the Court (Doc. 40), so no response is required.

15. Paragraphs 56 through 84 of the Complaint pertain to claims and parties dismissed by order of the Court (Doc. 40), so no response is required.

16. Paragraph 85 of the Complaint is a reincorporation paragraph. In response, Schutte incorporates her responses to Paragraphs 1 through 84 as though fully set forth here.

17. Paragraph 86 contains legal argument and conclusions to which no response is required.

18. Schutte denies the allegations in Paragraph 87 and 88 of the Complaint.

19. Paragraphs 89 through 94 pertain entirely to a different defendant, so no response is required of Schutte.

20. In response to Plaintiffs' prayer for relief, Schutte denies that Plaintiffs are entitled to any of the relief requested.

## AFFIRMATIVE DEFENSES

21. The Complaint fails to state any claim to relief against Schutte.

22. Schutte is immune from liability under the doctrine of qualified immunity.

23. Plaintiffs' injuries, if any, were caused, in whole or in part, by Plaintiffs' own misconduct, fault, or wrongful or negligent acts or omissions.

24. Plaintiffs' injuries, if any, were caused, in whole or in part, by persons over whom Schutte has no control.

25. Schutte affirmatively states that her actions were at all times in good faith and in accordance with applicable law.

26. Schutte affirmatively states that at no time were her actions motivated by intent to discriminate on the basis of race or any other impermissible basis.

27. Schutte affirmatively states that punitive damages are not actionable or available for this incident.

28. Schutte affirmatively states that Plaintiffs failed to take reasonable action to avoid or mitigate any alleged detriment or damages.

28. The facts of the case not yet having been fully developed, Schutte reserves the right to assert additional affirmative defenses if the facts supporting them become known through investigation and the discovery process.

WHEREFORE, Defendant Sara Schutte prays that Plaintiffs take nothing against her; that the Court enter judgment in favor of her and against Plaintiffs, including all statutory, necessary, and reasonably incurred attorney's fees, costs, and disbursements; and that the Court provide such other relief to her as the Court may deem just, equitable, and proper.

Dated: March 27, 2024

JESSICA J. FRALICH, City Attorney

and

s/ Elizabeth Sellers Tabor
ELIZABETH SELLERS TABOR (#0395652)
Assistant City Attorney
etabor@duluthmn.gov
411 West First Street, Rm. 440
Duluth, MN 55802
Telephone: 218-730-5281
*Attorneys for Defendant Sara Schutte*